## UNITED STATES COURT OF INTERNATIONAL TRADE

| | |
|---|---|
| ALUMINUM ASSOCIATION COMMON ALLOY ALUMINUM SHEET TRADE ENFORCEMENT WORKING GROUP and Its Individual Members, ARCONIC CORPORATION; COMMONWEALTH ROLLED PRODUCTS, INC.; CONSTELLIUM ROLLED PRODUCTS RAVENSWOOD, LLC; JW ALUMINUM COMPANY; and TEXARKANA ALUMINUM, INC., <br><br> Plaintiffs, <br><br> v. <br><br> UNITED STATES, <br><br> Defendant. | Court No. 26-02971 |

## COMPLAINT

The Aluminum Association Common Alloy Aluminum Sheet Trade Enforcement Working Group and its individual members (Arconic Corporation; Commonwealth Rolled Products Inc.; Constellium Rolled Products Ravenswood, LLC; JW Aluminum Company; and Texarkana Aluminum, Inc.) (collectively, "Plaintiffs") through their attorneys, allege and state as follows:

## JURISDICTION

1. This Court has jurisdiction pursuant to 28 U.S.C. § 1581(c), as this action is brought pursuant to 19 U.S.C. § 1516a(a)(2)(A)(i)(I) and (a)(2)(B)(iii).

2. Plaintiffs contest certain factual findings and legal conclusions in the final results of the United States Department of Commerce's (the "Department") third annual administrative review of the antidumping duty order on Common Alloy Aluminum Sheet From the Sultanate of

Oman ("Oman") (Case No. A-523-814) covering the period of review ("POR") April 1, 2023 through March 31, 2024.  The final results of the Department's review were published as Common Alloy Aluminum Sheet From the Sultanate of Oman: Final Results of Antidumping Duty Administrative Review; 2023–2024, 91 Fed. Reg. 20,414 (Dep't Commerce Apr. 16, 2026) (hereinafter, "Final Results") and the accompanying Issues and Decision Memorandum for the Final Results of the Administrative Review of the Antidumping Duty Order on Common Alloy Aluminum Sheet from the Sultanate of Oman; 2023-2024 (Apr. 13, 2026) (hereinafter, "IDM"). The final results were amended on May 29, 2026. See Common Alloy Aluminum Sheet From the Sultanate of Oman: Amended Final Results of Antidumping Duty Administrative Review; 2023–2024, 91 Fed. Reg. 32,005 (Dep't Commerce May 29. 2026) ("Amended Final Results").

## STANDARD OF REVIEW

3. The standard of review applicable in this action is whether the Department's determinations, findings, or conclusions are "unsupported by substantial evidence on the record, or otherwise not in accordance with law."  19 U.S.C. § 1516a(b)(1)(B)(i).

## STANDING OF PLAINTIFFS

4. The individual members of the Aluminum Association Common Alloy Aluminum Sheet Trade Enforcement Working Group are manufacturers, producers, and/or wholesalers in the United States of the domestic product that is like common alloy aluminum sheet. Additionally, the Aluminum Association Common Alloy Aluminum Sheet Trade Enforcement Working Group is a trade or business association, a majority of whose members manufacture, produce, or wholesale the domestic like product in the United States.  Plaintiffs were Petitioners in the underlying agency investigation that lead to the imposition of the antidumping duty order on common alloy aluminum sheet from Oman and actively participated in the third

2

administrative review of that antidumping order, the decision being appealed, as parties to the proceeding.[1]  As such, Plaintiffs are interested parties within the meaning of section 771(9)(C) and (E) of the Tariff Act of 1930, as amended, 19 U.S.C. § 1677(9)(C) and (E), and Plaintiffs have standing to bring this action pursuant to 28 U.S.C. § 2631(c).

## TIMELINESS OF THIS ACTION

5.  The Final Results for the above-referenced administrative review were published in the Federal Register on April 16, 2026 (91 Fed. Reg. 20,414).

6.  On May 14, 2026, Plaintiffs commenced this action under and in accordance with 19 U.S.C. § 1516a(a)(2)(A)(i)(I) and (a)(2)(B)(iii), by the filing of a Summons, which was filed within 30 days of publication of the Final Results. See Summons, ECF No. 1 (May 14, 2026).

7.  This Complaint is filed within the time specified in section 516A(a)(2) of the Act, 19 U.S.C. § 1516a(a)(2) and 28 U.S.C. § 2636(c), having been filed within 30 days of the Summons.  This Complaint, therefore, is timely filed pursuant to 19 U.S.C. § 1516a(a)(2) and Rule 3(a)(2) of this Court.

## STATEMENT OF CLAIMS AND BASIS FOR RELIEF

8.  The Department's Final Results are unsupported by substantial evidence on the record and are otherwise contrary to law in the following respects:

## COUNT I

9.  Paragraphs 1 through 8 above are re-alleged and incorporated herein by reference.

---

[1] During the Department's conduct of the underlying investigation (i.e., in April 2020), one of the petitioning companies — Aleris Rolled Products Inc. — was acquired by Novelis Corporation, another petitioner.  As a condition of the sale, the U.S. Department of Justice required that a portion of the assets of Aleris Rolled Products Inc. be sold. Commonwealth Rolled Products Inc. ("Commonwealth") is the name of the corporate entity that now owns the sold off assets — and Commonwealth now operates a mill in Lewisport, Kentucky that was previously owned and operated by Aleris.

10. The Department's practice, based on the statute, is to cap freight revenues and other service-related revenues included in gross unit price by the amount of directly related expenses. See 19 U.S.C. § 1677a(c)(1)-(3); see also Large Power Transformers From the Republic of Korea: Final Results of Antidumping Duty Administrative Review; 2013–2014, 81 Fed. Reg. 14,087 (Dep't Commerce Mar. 16, 2016), and accompanying Issues and Decision Memorandum at 24 (Comment 3) ("For these reasons, as provided in the statute and in line with past practice, we are continuing to cap sales-related revenues to offset directly associated sales expenses for these final results.") (emphasis added), aff'd, ABB, Inc. v. United States, 273 F. Supp. 3d 1200, 1206-10 (Ct. Int'l Trade 2017); 355 F. Supp. 3d 1206 (Ct. Int'l Trade 2018); 375 F. Supp. 3d 1348 (Ct. Int'l Trade 2019).

11. This capping is the Department's methodology for implementing the statutory requirements of 19 U.S.C. §1677a(c)(2). See, e.g., ABB, Inc., 273 F. Supp. 3d at 1208-09. Section 1677a(c)(2) directs the Department to reduce the price used to establish CEP by

> the amount, if any, included in such price, attributable to any additional costs, charges, or expenses ... which are incident to bringing the subject merchandise from the original place of shipment in the exporting country to the place of delivery in the United States.

19 U.S.C. § 1677a(c)(2). The Department offsets respondents' freight expenses with related freight revenues, capping those revenues at the level of the associated expenses. The courts previously have deemed this approach reasonable. See ABB, Inc., 273 F. Supp. 3d at 1208-09; Dongguan Sunrise Furniture Co. v. United States, 865 F. Supp. 2d 1216, 1248 (Ct. Int'l Trade 2012) ("Commerce's approach is reasonable under the statute" when it "deducts respondent's freight expenses from {the price used to establish CEP} ... {and} then offsets respondent's freight expenses with related freight revenues, resulting in a net freight expense.").

The record showed that there were invoices from OARC to the unaffiliated U.S. customers that separately set forth revenues assigned for freight services and other services related to the sale. OARC, however, did not report these service related revenues or associated expenses in its Section C response.

12.    In the Final Results, the Department nonetheless determined it was not appropriate to adjust OARC's reported U.S. gross unit prices to remove freight-related revenue, cap freight-related revenue, or apply facts available for the failure to report service-related revenues communicated between OARC and the customer or the associated expenses.  IDM at 9. The Department found that the record did not support finding that OARC received separately negotiated freight-related service revenue on its U.S. sales. Id. Instead, the Department found that information on the record indicates that the freight and insurance amounts identified by the petitioners represent information provided to importers to facilitate customs entry documentation rather than charges reflecting separately negotiated freight services. Id. at 10. The Department further reasoned that petitioners did not identify any purchase order, contract, or other documentation demonstrating that freight was independently negotiated or that U.S. customers paid OARC a distinct freight charge in support of its determination. Id.

13.    The Department's Final Results are unsupported by substantial evidence. The Department's findings are contradicted by the invoices from OARC addressed to the customers that separately listed each such service revenue.  Separate reporting of the revenue as line items on an invoice to the customer and admitted reliance on those revenues to establish the entered value reported to customs under a transaction value methodology shows both the expectation of the seller and the buyer as to how revenue was apportioned.   This record evidence of communication of the separate revenues between the seller and the buyer documents that OARC

and the customer assigned specific freight charges. Further, record evidence demonstrates OARC failed to separately report this freight revenue, and, as a results, the Department cannot cap those revenues with freight-related expenses consistent with its practice. Accordingly, the Final Results are not supported by substantial evidence.

**COUNT 2**

14.    Paragraphs 1 through 13 above are re-alleged and incorporated herein by reference.

15.    The Department's <u>Final Results</u> departed from its practice without reasoned explanation. The Department's requirement that the domestic industry must identify a purchase order, contract, or other documentation beyond the customer-facing invoice as evidence of separately negotiated revenues is a new requirement that the Department has not previously applied and conflicts with its past practice. <u>See</u>, <u>e.g.</u>, <u>Issues and Decision Memorandum for the Final Results of the Administrative Review of the Antidumping Duty Order on Certain Aluminum Foil from the Sultanate of Oman; 2022-2023</u> at 11-13 (Sept 8, 2025).

16.    The Department's practice in prior proceedings is to adjust reported gross unit prices to remove freight-related revenue or apply facts available under these circumstances. <u>Id.</u> The Department failed to follow its practice or to provide reasoned explanation for its departure from it. Accordingly, the Department's Final Results are arbitrary and capricious or otherwise unlawful.

**<u>PRAYER FOR RELIEF</u>**

WHEREFORE, Plaintiffs respectfully request that this Court:

> **(a)**    hold that The Department's <u>Final Results</u> are unsupported by substantial evidence,
>
> **(b)**    hold that the <u>Final Results</u> are arbitrary and

6

capricious, and otherwise not in accordance with law with respect to the claims advanced by Plaintiffs in this Complaint;

(b)    remand the Final Results to the Commerce Department with instructions to correct the errors set forth in this Complaint; and

(c)    provide such other relief as this Court deems just and appropriate.

Respectfully submitted,

 /s/ R. Alan Luberda
R. ALAN LUBERDA
JOHN M. HERRMANN
MATTHEW G. PEREIRA
aluberda@kelleydrye.com
jherrmann@kelleydrye.com
mpereira@kelleydrye.com
670 Maine Avenue, S.W.
Suite 600
Washington, D.C.   20024
(202) 342-8835

Counsel to the Aluminum Association Common Alloy Aluminum Sheet Trade Enforcement Working Group and its individual members (Arconic Corporation; Commonwealth Rolled Products Inc.; Constellium Rolled Products Ravenswood, LLC; JW Aluminum Company; and Texarkana Aluminum, Inc.)

Dated:  June 11, 2026

**CERTIFICATE OF SERVICE AND NOTICE TO INTERESTED PARTIES**

**<u>Aluminum Association Common Alloy Aluminum Sheet Trade Enforcement Working Group and its individual members v. United States</u>**
**CIT Court No. 26-02971**

Pursuant to Rule 3(f) of the Rules of the Court of International Trade, I certify that on June 11, 2026, I have served a copy of the foregoing Complaint via certified mail, return receipt requested, on the parties listed below:

**<u>UPON THE UNITED STATES</u>**

Attorney-In-Charge
International Trade Field Office
Commercial Litigation Branch
U.S. Department of Justice
26 Federal Plaza
New York, NY 10278-0001

Director, Civil Division
Commercial Litigation Branch
U.S. Department of Justice
1100 L Street, N.W., Room 12124
Washington, DC 20530

**<u>UPON THE U.S. DEPARTMENT OF COMMERCE</u>**

General Counsel
U.S. Department of Commerce
14th Street & Constitution Avenue, N.W.
Washington, DC 20230

Ms. Evangeline Keenan, Esq.
Director, APO/Dockets Unit
U.S. Department of Commerce
14th Street & Constitution Avenue, N.W.
Room 1874
Washington, DC 20230

2

**<u>On behalf of Oman Aluminium Rolling Company SPC</u>**

Bernd G. Janzen, Esq.
Akin Gump Strauss Hauer & Feld LLP
2001 K Street NW
Washington, DC 20006
Email:  bjanzen@akingump.com

<u>/s/ R. Alan Luberda</u>
R. ALAN LUBERDA
KELLEY DRYE & WARREN LLP
